**Robert W. MURRAY, Jr.,**
**Plaintiff–Appellant,**

v.

**Frank J. CARROLL, International Brotherhood of Electrical Workers, Defendants–Appellees.**

No. 08–3959–cv.

United States Court of Appeals,
Second Circuit.

Sept. 21, 2009.

Lynn M. Mahoney, Law Offices of Leon Rosenblatt, West Hartford, C.T., for Appellant.

Robert D. Kurnick, Sherman, Dunn, Cohen, Leifer & Yellig, P.C., Washington, D.C., for Appellees.

Present: ROSEMARY S. POOLER, PETER W. HALL and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Robert W. Murray, Jr. appeals from: (1) the February 20, 2008, 536 F.Supp.2d 225, ruling of the district court granting defendants' motion for summary judgment on Murray's claim that his removal from office as the Business Manager/Financial Secretary of International Brotherhood of Electrical Workers ("IBEW") Local Union 35 violated the IBEW Constitution; (2) the July 8, 2008 ruling of the district court granting defendants' motion for summary judgment on Murray's claim that his removal from office violated Section 101(a)(2) of the Labor–Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(2); and (3) the district court's July 18, 2008 judgment dismissing his case. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As an initial matter, we assume, without deciding, that Murray has presented sufficient evidence to defeat summary judgment on his claim that he engaged in protected speech under Section 101(a)(2) of the LMRDA. The district court concluded, however, that Murray had not established a causal connection between his exercise of speech and his removal from office. We agree with the district court that "[Murray]'s evidence fails to raise an inference of a retaliatory animus based on . . . alleged conflicts" between Murray and defendant Frank Carroll. On the contrary, after Murray engaged in his allegedly protected speech, defendants acted in a manner consistent with an intent to keep Murray in office, taking steps to remove Murray only after he had been sentenced to a term of incarceration that would prevent him from performing the duties of his office. Murray's theory of retaliation is therefore implausible.

Drawing all inferences in favor of Murray, a reasonable jury could not conclude that Murray's removal was the result of any protected speech. Murray conceded that his incarceration would have prevented him from fulfilling his job duties. Murray argues that defendants could have granted him a leave of absence, as they did for a union employee with a medical condition. But Murray does not claim he requested a leave of absence. Moreover, the IBEW Constitution does not grant defendants' the authority to grant an extended leave of absence to an officer absent a "satisfactory excuse." Murray argues that defendants offered shifting justifications for his termination, supporting an inference that their stated justification was mere pretext. We agree with the district court that the allegedly shifting statements "all concern[ed] the ramifications of plaintiff's sentence . . . upon his ability to perform as a business manager."

We also reject Murray's claim that the district court erred in deferring to the union's interpretation of its constitution due to the union's bad faith, because, for the reasons previously stated, a jury could not infer bad faith from these facts.

We have considered Murray's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.